U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*Harlin DeWayne Hale*

**United States Bankruptcy Judge**

**Signed October 31, 2011**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Cherry Air, Inc., | Case No. 09-30254-hdh-11 |
| Debtor. | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW,**
**AND ORDER CONFIRMING SECOND AMENDED PLAN OF**
**REORGANIZATION DATED OCTOBER 21, 2011**
[Doc. No. 271]

The Court held a confirmation hearing on October 27, 2011, and considered confirmation of that certain *Second Amended Plan of Reorganization Dated October 21, 2011* filed with the Court by the above-referenced debtor and debtor-in-possession (the "**Debtor**") on October 21, 2011, as Docket No. 271 (the "**Plan**").[1]  The Court also considered that certain *First Amended Disclosure Statement Dated May 3, 2011* filed on May 3, 2011, as Docket No. 213, and approved by the Court pursuant to that certain order entered on May 6, 2011, as Docket No. 214 (the "**Disclosure Statement**"), the Plan, the *Ballot Tally* submitted to the Court on October 27, 2011 (the "**Ballot Tally**"), service of the Disclosure Statement and the Plan, the statements of

---

[1] Terms not defined in this Confirmation Order shall have the same meanings as set forth in the Plan.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING**
**SECOND AMENDED PLAN OF REORGANIZATION DATED OCTOBER 21, 2011- Page 1**

counsel, evidence presented, and all other matters relevant, and after due deliberation and sufficient cause, concludes as follows:

# I.
## FINDINGS OF FACT AND CONCLUSIONS OF LAW[2]

1.    <u>Jurisdiction</u>. This Court has jurisdiction over the Debtor's Chapter 11 bankruptcy case pursuant to 28 U.S.C. § 1334. Venue is proper before this Court pursuant to 28 U.S.C. § 1408. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code.

2.    <u>Notice</u>. The Disclosure Statement, the Plan, and the Ballot Tally were transmitted and served in compliance with the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and this Court's orders, and service thereof was adequate and sufficient to satisfy due process. All parties, including, without limitation, those taxing authorities, attorneys general, and other governmental units entitled to notice of the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") and the deadline for submitting ballots and filing and serving objections to confirmation of the Plan, received adequate notice of the Plan and the Confirmation Hearing in accordance with the Bankruptcy Rules and have had an ample opportunity to appear and be heard with respect thereto. No other or further notice is necessary or required.

3.    <u>Judicial Notice</u>. This Court takes judicial notice of the docket maintained in the Debtor's bankruptcy case by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or

---

[2] The findings of fact and conclusions of law set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052, made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 9014. To the extent any findings of fact constitute conclusions of law, they are adopted as such. To the extent any conclusions of law constitute findings of fact, they are adopted as such.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING**
**SECOND AMENDED PLAN OF REORGANIZATION DATED OCTOBER 21, 2011- Page 2**

adduced at hearings held before the Court in the above-referenced bankruptcy case.

4. <u>Compliance with the Applicable Provisions of the Bankruptcy Code</u>. As set forth below, the Debtor has met its burden of proving the elements required under the Bankruptcy Code for confirmation of the Plan by a preponderance of the evidence.

a. <u>The Plan Complies with Section 1129(a)(1)</u>. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(1). Specifically,

i. <u>Proper Classification of Claims and Equity Interests</u>. The Plan designates eight (8) Classes of Claims and equity interests against the Debtor. The Claims or equity interests placed in each Class are substantially similar to other Claims or equity interests, as the case may be, in such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and equity interests created under the Plan, and such Classes do not unfairly discriminate among holders of Claims or equity interests. Thus, the Plan satisfies 11 U.S.C. §§ 1122 and 1123(a)(1).

ii. <u>Specification of Unimpaired Classes</u>. The Plan specifies that Class 1 (Allowed Administrative Claims and Allowed Administrative Tax Claims) is not impaired under the Plan and is deemed to have accepted the Plan, thereby satisfying 11 U.S.C. § 1123(a)(2) of the Bankruptcy Code.

iii. <u>Specification of Treatment of Impaired Classes</u>. Article 5 of the Plan designates each of Class 2 (Allowed Secured Tax Claims), Class 3 (Allowed Priority Claims), Class 4 (Allowed Secured Claim of Comerica), Class 5 ( Allowed Claims of the Jim Donaldson Estate), Class 6 (Allowed General Unsecured Claims Less than $10,000), Class 7 (Allowed General Unsecured

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING**
**SECOND AMENDED PLAN OF REORGANIZATION DATED OCTOBER 21, 2011- Page 3**

*DAL 78,698,774v12*

Claims Greater than $10,000), and Class 8 (Equity Interests in the Debtor) as impaired and specifies the treatment of Claims and equity interests in those Classes, thereby satisfying 11 U.S.C. § 1123(a)(3).

       iv.    <u>Equal Treatment Within Classes</u>. The Plan provides for the same treatment for each Claim or equity interests in a particular Class unless the holder of a particular Claim or equity interests in such Class has agreed to a less favorable treatment of its Claim or equity interests, thereby satisfying 11 U.S.C. § 1123(a)(4).

       v.    <u>Implementation of Plan</u>. The Plan provides adequate and proper means for implementation of the Plan, thereby satisfying 11 U.S.C. § 1123(a)(5).

       vi.    <u>Non-Voting Securities</u>. The Plan provides for the cancellation of all pre-petition equity of the Debtor and the issuance of new equity, all of which shall be voting shares or interests, therefore 11 U.S.C. § 1123(a)(6) is deemed satisfied.

       vii.    <u>Selection of Officers and Directors</u>. The Plan provides, following the Effective Date, any and all remaining Directors and Officers of the Debtor shall be deemed to have resigned and the reorganized Debtor's directors will be Dallas Sherman, Michelle Wilkinson, and Tim Robinson. Michelle Wilkinson will serve as the reorganized Debtor's President and Dallas Sherman will serve as the Chief Financial Officer. Accordingly, the Plan satisfies the requirements of 11 U.S.C. § 1123(a)(7).

       viii.    <u>Rule 3016(a)</u>. The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a).

       ix.    <u>Additional Plan Provisions</u>. The provisions of the Plan are

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING**
**SECOND AMENDED PLAN OF REORGANIZATION DATED OCTOBER 21, 2011- Page 4**

*DAL 78,698,774v12*

appropriate and not inconsistent with all other applicable provisions of the Bankruptcy Code.

b.  **The Plan Complies with Section 1129(a)(2)**.  The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(2).  Specifically,

   i.  **Proper Debtor and Plan proponents**.  The Debtor is the proper debtor pursuant to 11 U.S.C. § 109 and the proper proponent of the Plan pursuant to 11 U.S.C. § 1121(c).

   ii.  **Compliance With Applicable Bankruptcy Code Provisions**.  The Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court.

   iii.  **Compliance With Solicitation Requirements**.  The Debtor has complied with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules in transmitting the solicitation materials and in soliciting and tabulating votes on the Plan.

c.  **Plan Proposed in Good Faith**.  The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying 11 U.S.C. § 1129(a)(3).  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Debtor's bankruptcy case and the arms-length negotiation related to the formulation of the Plan.  The Debtor's bankruptcy case was filed and the Plan was proposed with the legitimate and honest purposes of reorganizing the Debtor and expeditiously making distributions to the Debtor's Creditors.  The Plan reflects the results of these negotiations and is reflective of the interests of all of the Debtor's Estate's constituencies.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING**
**SECOND AMENDED PLAN OF REORGANIZATION DATED OCTOBER 21, 2011- Page 5**

*DAL 78,698,774v12*

d. <u>Payments for Services or Costs and Expenses</u>. Except as otherwise provided or permitted by the Plan, any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with its bankruptcy case, or in connection with the Plan and incident to the Debtor's bankruptcy case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying 11 U.S.C. § 1129(a)(4).

e. <u>Directors, Officers, and Insiders</u>. The Debtor has complied with 11 U.S.C. § 1129(a)(5). As the Plan contemplates the reorganization of the Debtor, all Directors and Officers of the Debtor will be deemed to have resigned as of the Effective Date and the new officers and directors will be put in place as set forth above.

f. <u>No Rate Changes</u>. The Plan does not propose any rate changes that are subject to governmental regulation. Thus, 11 U.S.C. § 1129(a)(6) is not applicable and is deemed satisfied.

g. <u>Best Interests of Creditors</u>. The Plan satisfies 11 U.S.C. § 1129(a)(7) as each holder of a Claim or equity interest in an impaired Class either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or equity interests, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would receive if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code.

h. <u>Acceptance by Certain Classes</u>. The following classes eligible to vote under the Plan have voted to accept the Plan, thereby satisfying 11 U.S.C. § 1129(a)(8): Classes 2, 4, 5, and 6.

i. <u>Treatment of Administrative Claims.</u> The Plan's treatment of Allowed Administrative Claims satisfies the requirements of 11 U.S.C. § 1129(a)(9). The Plan

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING**
**SECOND AMENDED PLAN OF REORGANIZATION DATED OCTOBER 21, 2011- Page 6**

*DAL 78,698,774v12*

provides for holders of Class 1 Claims to be paid (a) the Allowed amount of their Claim on the latter of the Effective Date or the date such Claim is Allowed, or (b) upon payment terms agreeable to the claimholder. These Claims are priority claims pursuant to Section 507(a)(1) of the Bankruptcy Code. These Claims include claims for Debtor's attorney's fees and U.S. Trustee's fees.

j. <u>Acceptance of at Least One Impaired Class</u>. The Plan satisfies 11 U.S.C. § 1129(a)(10). As set forth in the Ballot Tally, at least one of the Impaired Classes of Claims or equity interests voting under the Plan has voted to accept the Plan and has accepted the Plan in requisite numbers and amounts without the need to include any acceptance of the Plan by any insider.

k. <u>Feasibility</u>. The Plan satisfies 11 U.S.C. § 1129(a)(11) as confirmation of the Plan is not likely to be followed by liquidation or the need for further financial reorganization. The Plan presents a workable framework of reorganization and there is a reasonable probability that the provisions of the Plan will be performed. The Plan is found and determined to be feasible.

l. <u>Payment of Certain Fees</u>. All fees payable on or before the Effective Date under 28 U.S.C. § 1930 either have been paid or will be paid on the Effective Date pursuant to Article 5 of the Plan. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(12).

m. <u>Principal Purpose</u>. The principal purpose of the Plan is neither the avoidance of taxes nor of Section 5 of the Securities Act of 1933 (15 U.S.C. §77e, *et seq*.). The Plan, therefore, satisfies the requirements of 11 U.S.C. § 1129(d).

6. <u>Good Faith Solicitation</u>. Based upon the record before the Court, the Debtor and its respective officers, directors, managers, members, affiliates, associates, employees, agents,

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING**
**SECOND AMENDED PLAN OF REORGANIZATION DATED OCTOBER 21, 2011- Page 7**

*DAL 78,698,774v12*

attorneys, accountants, and other professionals have acted in good faith with respect to, and in compliance with, applicable provisions of the Bankruptcy Code in soliciting votes on the Plan and such solicitation is hereby determined to have been in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the foregoing are entitled to the protections afforded by 11 U.S.C. § 1125(e) and the exculpatory protections set forth in Article 9.03 of the Plan.

7.    <u>Exculpation and Releases</u>.  The Disclosure Statement, the Plan, and the record of the Confirmation Hearing are sufficient to support the exculpation provided for in Article 9.03 of the Plan and the releases provided for in Article 9.01 of the Plan.  Such exculpation and releases are fair and reasonable.

8.    <u>Satisfaction of Confirmation Requirements</u>.  The Plan satisfies all requirements for confirmation set forth in 11 U.S.C. § 1129(a) and (b).

9.    <u>Retention of Jurisdiction</u>.  The Court finds and concludes that it may properly retain jurisdiction over the matters set forth in the Plan.

## II.
## <u>DECREES</u>

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.    <u>Confirmation</u>.  Pursuant to 11 U.S.C. § 1129, the Plan is hereby confirmed in its entirety regardless of whether specific reference is made herein to a particular article, section, paragraph, exhibit, or provision of the Plan.  The terms of the Plan are incorporated by reference into, and are an integral part of, this Confirmation Order.

2.    <u>Effective Date; Conditions Precedent</u>.  The Effective Date of the Plan and the closing under both the SPA (as defined in the Plan) and that certain *Asset Purchase Agreement* by and among Source Investments, LLC, Addison Aviation Services, Inc., and Avdoor, Inc., as

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING**
**SECOND AMENDED PLAN OF REORGANIZATION DATED OCTOBER 21, 2011- Page 8**

DAL 78,698,774v12

sellers, and Tailwind, as purchaser, shall occur on a date and at a time and location mutually agreed upon by the Debtor, Comerica, and Tailwind, but in no event later than December 1, 2011, following the satisfaction of the last of the conditions precedent set forth in Section 6.02 of the Plan, except that Section 6.02 of the Plan is hereby modified to remove that certain condition precedent set forth in Section 6.02(c) thereof and it shall not, therefore, be a condition precedent to the occurrence of the Effective Date that Tailwind receive express, written approval of the Federal Aviation Association.

3.    Binding Effect.  Except as otherwise provided in 11 U.S.C. § 1141(d), on and after the Effective Date, the provisions of the Plan, shall bind any and all holders of Claims against or equity interests in the Debtor and its successors and assigns whether or not the Claim or equity interests of such holder is impaired under the Plan and whether or not such holder has accepted the Plan.  Pursuant to Sections 1123(a), 1141(a), and 1142 of the Bankruptcy Code and the provisions of this Confirmation Order, the Plan and all Plan-related documents shall be, and hereby are, valid, binding, and enforceable notwithstanding any otherwise applicable non-bankruptcy law.

4.    Provisions of Plan and Confirmation Order Non-Severable and Mutually Dependent.  The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.  Any conflict between the Plan and this Confirmation Order shall be resolved by reference to this Confirmation Order.

5.    Effect of Confirmation.

a.    Except as otherwise specifically provided by the Plan and this Confirmation Order, the distributions to creditors and rights that are provided in the Plan shall be in complete satisfaction and release, effective as of the Confirmation Date (but

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING**
**SECOND AMENDED PLAN OF REORGANIZATION DATED OCTOBER 21, 2011- Page 9**

*DAL 78,698,774v12*

subject to the occurrence of the Effective Date), of (i) all Claims and causes of action against, liabilities of, liens on, obligations of, equity interests in the Debtor, and the assets and properties of the Debtor, whether known or unknown, and (ii) all causes of action (whether known or unknown, either directly or derivatively through the Debtor) against, Claims (as defined in Section 101 of the Bankruptcy Code) against, liabilities (as guarantor of a Claim or otherwise) of, liens on the direct or indirect assets and properties of, and obligations of successors and assigns of, the Debtor and its successors and assigns based on the same subject matter as any Claim or equity interest or based on any act or omission, transaction, or other activity or security, instrument, or other agreement of any kind or nature occurring, arising, or existing prior to the Effective Date that was or could have been the subject of any Claim or equity interest, in each case regardless of whether a proof of Claim or equity interest was Filed, whether or not Allowed and whether or not the holder of the Claim has voted on the Plan.

b.      Notwithstanding anything herein to the contrary, nothing in this Confirmation Order or the Plan shall constitute a release against any person or entity other than the Debtor except as specifically set forth in the Plan or this Confirmation Order.

c.      Except as otherwise provided herein or in the Plan, upon the occurrence of the Effective Date, the Debtor shall be discharged from all Claims to the fullest extent permitted by Section 1141 of the Bankruptcy Code, and all holders of Claims and equity interests shall be precluded from asserting against the Debtor, the Debtor's Estate, or any property dealt with under the Plan, any further or other Claim based upon any act or omission, transaction, event, thing, or other activity of any kind or nature that occurred or came into existence prior to the Effective Date.   As provided in Section 524 of the

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING**
**SECOND AMENDED PLAN OF REORGANIZATION DATED OCTOBER 21, 2011- Page 10**

*DAL 78,698,774v12*

Bankruptcy Code, such discharge shall void any judgment against the Debtor, the Debtor's Estate, or any successor thereto at any time obtained to the extent it relates to a Claim discharged, and operates as an injunction against the prosecution of any action against the Debtor or property of the Debtor or the Debtor's Estate to the extent it relates to a discharged Claim.

      d.     Pursuant to Section 1146(a) of the Bankruptcy Code, the transfer of any assets under this Confirmation Order, and the execution and delivery of any instrument of transfer by the Debtor shall not be taxed under any law imposing a stamp tax or similar tax. Each and every federal, state, and local government agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transfer of any of the Debtor's assets, all without imposition or payment of any stamp tax or similar tax.

      6.     <u>Authorization to Implement Plan</u>. Upon the entry of this Confirmation Order, the Debtor is authorized to take or cause to be taken all corporate actions necessary or appropriate to implement all provisions of, and to consummate, the Plan and to execute, enter into, or otherwise make effective all documents arising in connection therewith (as they may be amended or modified as contemplated or permitted by the Plan) prior to, on, and after the Effective Date. All such actions taken or caused to be taken shall be, and hereby are, authorized and approved by the Bankruptcy Court such that no further approval, act, or action need to be taken under any applicable law, order, rule, or regulation. The approvals and authorizations specifically set forth in this Confirmation Order are not intended to limit the authority of the Debtor to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING**
**SECOND AMENDED PLAN OF REORGANIZATION DATED OCTOBER 21, 2011- Page 11**

*DAL 78,698,774v12*

7.      <u>Plan Classification Controlling</u>.  The classification of Claims and equity interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan.  The classifications and amounts of Claims, if any, set forth in the Ballot Tally tendered to or returned by the Debtor's creditors in connection with voting on the Plan (a) were set forth on the ballots solely for purposes of voting to accept or reject the Plan and (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual amount or classification of such Claims or equity interests under the Plan for distribution purposes.

8.      <u>Retention of Causes of Action</u>.  Except as otherwise provided in the Plan and this Confirmation Order, all causes of action shall be retained for the benefit of the Debtor and the Debtor's Estate as set forth in the Plan and the Disclosure Statement.  These causes of action include, without limitation, all claims and causes of action listed or referenced in the Plan, the Disclosure Statement, the Schedules, and/or in any Plan Document.  Except as otherwise provided in the Plan, the Debtor's right to commence, pursue, prosecute, enforce, or settle such causes of action shall be, and hereby is, preserved notwithstanding the occurrence of the Effective Date.  The reorganized Debtor is hereby designated as the Debtor's Estate representative for purposes of prosecuting and enforcing all causes of action, and the Debtor has standing to bring all causes of action.  No person or entity may rely on the absence of a specific reference in the Plan or the Disclosure Statement to any cause of action against it as any indication that the Debtor will not pursue any and all available causes of action.  The Debtor expressly reserves, specifically and unequivocally, all rights to prosecute and enforce any and all causes of action against any person or entity, except as otherwise specifically and expressly provided in the Plan.  Unless any causes of action against a person or entity are specifically and expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan, this

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING**
**SECOND AMENDED PLAN OF REORGANIZATION DATED OCTOBER 21, 2011- Page 12**

*DAL 78,698,774v12*

Confirmation Order, or other order of the Court, the Debtor expressly reserves all causes of action for later adjudication.

9. <u>Termination</u>. As of the Effective Date, and except as provided in the Plan or this Confirmation Order, all entities shall be precluded from asserting against the Debtor, its successors, or property, any other or further Claims, debts, rights, causes of action, liabilities, or equity interest based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date. In accordance with the foregoing, except as provided in the Plan or this Confirmation Order, as of the Effective Date, entry of this Confirmation Order shall be a judicial determination of discharge of all such Claims and other debts and liabilities against the Debtor and termination of all such equity interest and other rights of equity interest holders in the Debtor, pursuant to 11 U.S.C. §§ 524 and 1141, and such discharge shall void any judgment obtained against the Debtor at any time, to the extent that such judgment relates to a Claim discharged.

10. <u>General Injunction</u>.

a. Except as otherwise expressly provided in the Plan, all entities who have held, hold, or may hold Claims and all entities who have held, hold, or may hold equity interests against the Debtor are permanently enjoined on and after the Effective Date as set forth in Article 9.04 of the Plan.

b. Except as otherwise provided in the Plan, all entities who have held, hold, or may hold Claims against or equity interests in the Debtor are, with respect to any such Claims or equity interests, permanently enjoined from and after the Confirmation Date from: (i) commencing, conducting, or continuing in any manner, directly, or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative, or other forum) against or affecting the

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING**
**SECOND AMENDED PLAN OF REORGANIZATION DATED OCTOBER 21, 2011- Page 13**

*DAL 78,698,774v12*

Debtor, Comerica, Tailwind, any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor-in-interest to, the Debtor, or any property of any such transferee or successor; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, of any judgment, award, decree, or order against the Debtor, Comerica, Tailwind, any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor-in-interest to, the Debtor, or any property of any such transferee or successor; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtor, Comerica, Tailwind, any of their property, or any direct or indirect transferee of any property of, or successor-in-interest to, any of the foregoing entities; (iv) asserting any right of setoff, subrogation, or recoupment of any kind, directly or indirectly, against any obligation due to the Debtor, Comerica, Tailwind, any of their property, or any direct or indirect transferee of any property of, or successor-in-interest to, the Debtor; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

      c.      Furthermore, except as otherwise expressly provided in the Plan, for the consideration described in the Plan, as of the Effective Date, all entities who have held, hold, or may hold claims released pursuant to Section 9.04 of the Plan, whether known or unknown, and their respective agents, attorneys, and all others acting for or on their behalf, shall be permanently enjoined on and after the Effective Date, with respect to any claim released pursuant to Section 9.04 of the Plan, from (i) commencing or continuing in any manner, any action or other proceeding of any kind with respect to any claim against the Debtor, Comerica, Tailwind, or the property of any of them, (ii) seeking the

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING
SECOND AMENDED PLAN OF REORGANIZATION DATED OCTOBER 21, 2011- Page 14

*DAL 78,698,774v12*

enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against the Debtor, Comerica, Tailwind, or the property of any of them, (iii) creating, perfecting, or enforcing any encumbrance of any kind against the Debtor, Comerica, or Tailwind, (iv) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due to the Debtor, Comerica, or Tailwind, and (v) taking any act, in any manner and in any place whatsoever, that does not conform to or comply with provisions of the Plan. In the event that any entity takes any action that is prohibited by, or is otherwise inconsistent with the provisions of the Plan, then, upon notice to the Bankruptcy Court, the action or proceeding in which the Claim of such entity is asserted shall automatically be transferred to the Bankruptcy Court for enforcement of the provisions of the Plan. Furthermore, nothing in the Plan or this Confirmation Order is intended to or shall release, discharge, or limit any rights or claims against the Debtor's co-borrowers or guarantors.

d.      Notwithstanding the foregoing, each holder of a Contested Claim may continue to prosecute its proof of Claim in the Bankruptcy Court and all holders of Claims shall be entitled to enforce their rights under the Plan and any agreements executed or delivered pursuant to or in connection with the Plan.

11.      <u>Term of Injunction or Stays</u>.  Unless otherwise provided, all injunctions or stays set forth in 11 U.S.C. §§ 105 and 362 shall remain in full force and effect until the Effective Date rather than the Confirmation Date.  Nothing in the Plan or this Confirmation Order, however, shall be construed as a limitation of the permanent injunctions provided for in the Plan and this Confirmation Order.

12.      <u>Releases and Exculpation</u>.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING**
**SECOND AMENDED PLAN OF REORGANIZATION DATED OCTOBER 21, 2011- Page 15**

*DAL 78,698,774v12*

a.      Pursuant to Bankruptcy Code Section 1141(d), Confirmation of the Plan shall, subject to the terms of the Plan and this Confirmation Order, discharge the Debtor from any and all debts that arose before the Confirmation Date. The releases set forth in Article 9.01 of the Plan are hereby approved and such releases shall be binding on the parties thereto.

b.      The exculpation provision set forth in Section 9.03 of the Plan shall be, and hereby is, approved, and shall be effective without further action upon the occurrence of the Effective Date. Neither the Debtor, Comerica, Tailwind, nor any of their respective present officers, employees, agents, advisors, affiliates, accountants, lawyers, underwriters, or investment bankers, nor any other professional persons employed by any of them (collectively, the "Exculpated Persons") shall have or incur any liability to any entity for any act taken or omission made in good faith in connection with or related to formulating, negotiating, implementing, confirming, or consummating the Plan, including any settlement referenced therein, in the Disclosure Statement, or in the SPA. The Exculpated Persons shall have no liability to the Debtor, any Creditor, equity interest holder, any other party-in-interest in the Case or any other entity for actions taken or not taken under the Plan, in connection herewith or with respect thereto, or arising out of their administration of the Plan or the property to be distributed under the Plan, in good faith, including, without limitation, failure to obtain Confirmation or to satisfy any condition or conditions, or refusal to waive any condition or conditions, to the occurrence of the Effective Date, and in all respects such Exculpated Persons shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

13.    <u>Application for Allowance of Administrative Claims Other Than Fee Claims</u>. Applications for allowance and payment of Administrative Claims, and any objections made by

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING**
**SECOND AMENDED PLAN OF REORGANIZATION DATED OCTOBER 21, 2011- Page 16**

*DAL 78,698,774v12*

the Debtor or Comerica[3] hereto, shall be subject to the terms of Section 3.02 of the Plan. The holder of any Administrative Claim, other than (a) a Fee Claim, and (b) a liability incurred and paid in the ordinary course of business by the Debtor, arising after the September 15, 2011 (the "**Administrative Claims Bar Date**") deadline to file notice of an Administrative Claim established by the Court pursuant to that certain *Order Granting Motion to Set Bar Date for Administrative Claims Under 11 U.S.C. § 503(b)(9)* entered by the Court on July 28, 2011, as Docket No. 237, but prior to the Confirmation Date, must file with the Court and serve on the Debtor and its respective counsel notice of such Administrative Claim within thirty (30) days after the Effective Date. At a minimum, such notice must identify (i) the name of the holder of such Claim, (ii) the amount of such Claim, and (iii) the basis of such Claim. Failure to file this notice timely and properly shall result in the Administrative Claim being forever barred and discharged. Furthermore, Administrative Claims arising prior to the Administrative Claims Bar Date, but for which no notice was given on or before the Administrative Claims Bar Date, shall result in such Administrative Claim being forever barred and discharged. Any party-in-interest may object to the allowance of any Administrative Claim.

14. <u>Application for Allowance of Administrative Claims That Are Fee Claims</u>. Applications for allowance and payment of Administrative Claims, and any objections made by the Debtor or Comerica hereto, shall be subject to the terms of Section 3.02 of the Plan. Each professional who holds, or asserts, an Administrative Claim that is a claim for compensation for services rendered and reimbursement of expenses incurred prior to the Effective Date (a "**Fee Claim**") shall, unless expressly stated otherwise herein, be required to file with the Bankruptcy Court and serve on the Debtor's counsel and the U.S. Trustee, a Fee Application within sixty (60) days after the Effective Date.

---

[3] All of Comerica's rights to object to any and all Claims is hereby expressly reserved.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING**
**SECOND AMENDED PLAN OF REORGANIZATION DATED OCTOBER 21, 2011- Page 17**

15.    <u>Payment of Administrative Claims</u>.  The Debtor is authorized and directed to pay all Administrative Claims, including Fee Claims, Allowed by order of the Bankruptcy Court. The Debtor is authorized and directed to rely on orders of the Bankruptcy Court in making distributions to all other creditors, including in paying such claims, notwithstanding an appeal or motion for reconsideration of such order, unless a court of competent jurisdiction has issued a stay pending appeal or reconsideration of such order.

16.    <u>Objections to Claims</u>.  Any party authorized by the Bankruptcy Code, may object to the allowance of Pre-Petition Claims at any time prior to sixty (60) days after the Effective Date and, as to Rejection Claims, at any time prior to sixty (60) days after the filing of any such Rejection Claim.  Any proof of Claim filed after the Court sets bar dates shall be of no force and effect and shall be deemed disallowed.  All Contested Claims shall be litigated to Final Order; *provided, however,* that the Debtor may compromise and settle any Contested Claim, subject to the approval of the Bankruptcy Court.  Notwithstanding the foregoing, a person who is found to have received a Voidable Transfer shall have thirty (30) days following the date upon which the order ruling that such transfer is avoidable becomes a Final Order in which to file a Claim in the amount of such avoided transfer, and the Debtor shall have thirty (30) days after the filing of any such Claim to file an objection thereto.  Liabilities incurred from the Petition Date through the Effective Date in the ordinary course of business shall be paid in the ordinary course of business by the Debtor.

17.    <u>Payment of Statutory Fees</u>.  Any fees due the United States Trustee shall be paid on or before the Effective Date; however, any fees due to the United States Trustee after the Effective Date shall be paid as such become due.

18.    <u>Disallowance of Special Taxes</u>.  The issuance, transfer, or exchange of a security as defined under the Bankruptcy Code or applicable law, or the making or delivery of any

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING**
<u>**SECOND AMENDED PLAN OF REORGANIZATION DATED OCTOBER 21, 2011- Page 18**</u>

*DAL 78,698,774v12*

instrument of transfer under the Plan, shall not be taxed under any state or local law imposing a stamp tax or similar tax as provided in 11 U.S.C. § 1146.

19. <u>Vesting of Assets; Cancellation of Stock and Issuance and Sale of New Shares.</u> Upon the Effective Date, and except as set forth in the Plan and this Confirmation Order, all property of the Debtor shall remain with the Debtor, and from and after the Confirmation Date, the Debtor as reorganized Debtor shall continue in existence, for the purpose of facilitating the reorganized Debtor's business operations going forward. Notwithstanding the foregoing, on the Effective Date, (a) the Pre-Petition equity interests in the Debtor shall be cancelled in their entirety and shall be of no further force or effect, (b) new voting shares shall be issued by the reorganized Debtor representing all new equity in the reorganized Debtor (collectively, the "New Shares"), and (c) the New Shares shall be sold and transferred to Tailwind or its designee pursuant to the Plan and the SPA.

20. <u>Rejection of Executory Contracts and Unexpired Leases.</u> On the Effective Date of the Plan, and except as otherwise provided for in the Plan, the Debtor shall assume, pursuant to Bankruptcy Code Sections 365(b)(1) and 1123(b)(2), (a) that certain ground sublease entered into with the Debtor, as sublessee, for specified real property located at the Addison Airport in Addison, Texas, (b) that certain hangar lease entered into with the Debtor, as lessee or sublessee, for a hangar located at the Addison Airport in Addison, Texas, and (c) those executory contracts and unexpired leases set forth in <u>Exhibit "A"</u> attached thereto and incorporated herein by reference (collectively, the "**Assumed Contracts**"), and the requirements of Section 365(b)(1) of the Bankruptcy Code with respect to the Assumed Contracts are hereby deemed satisfied. On the Effective Date of the Plan, and except as otherwise provided for in the Plan and this Confirmation Order, all executory contracts and unexpired leases entered into prior to the Petition Date that were not previously assumed or rejected pursuant to this Confirmation Order

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING**
**SECOND AMENDED PLAN OF REORGANIZATION DATED OCTOBER 21, 2011- Page 19**

*DAL 78,698,774v12*

or a prior Final Order of the Court shall be deemed automatically rejected and terminated by the Debtor without further notice or order, including all modifications, amendments, supplements, restatements, or other similar agreements related thereto. Rejection and termination of any executory contract or unexpired lease pursuant to the Plan and this Confirmation Order shall constitute adequate and sufficient notice that (i) any Claims arising thereunder or related thereto shall be treated as General Unsecured Claims under the Plan and (ii) the Debtor is not bound by, or otherwise obligated to perform, any such obligations, transactions, or undertakings relating thereto or arising thereunder. The inclusion of a contract, lease, or other agreement in the Plan or the Disclosure Statement shall not constitute an admission by the Debtor as to the characterization of whether any such included contract, lease, or other agreement is, or is not, an executory contract or unexpired lease or whether any Claimants under any such contract, lease, or other agreement are time-barred from asserting Claims against the Debtor. The Debtor reserves all rights with respect to the characterization of any such agreements. If the rejection of an executory contract or an unexpired lease results in damages to the other party or parties to such contract or lease, a Claim for such damages shall be forever barred and shall not be enforceable against the Debtor or its properties or agents, successors, or assigns, unless a proof of Claim is filed with the Court and served by the earlier of (1) the end of the month following the period in which the Effective Date occurs, or (2) such other deadline as the Court may set for asserting a Claim for such damages. Any Claim arising from the rejection of an unexpired lease or executory contract and not barred by the Plan shall be treated as a Class 6 or Class 7 General Unsecured Claim pursuant to the Plan; provided, however, that any Claim based upon the rejection of an unexpired lease of real property shall be limited in accordance with Section 502(b)(6) of the Bankruptcy Code and state law mitigation requirements. Nothing contained in the Plan shall be deemed an admission by the Debtor's Estate that such rejection gives rise to or

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING**
**SECOND AMENDED PLAN OF REORGANIZATION DATED OCTOBER 21, 2011- Page 20**

results in a Claim or shall be deemed a waiver by the Debtor's Estate of any objections to such Claim if asserted.

21.    Notice of Entry of Confirmation Order.  On or before the 5th business day following entry of this Confirmation Order, the Debtor's counsel shall serve via first-class, prepaid United States mail notice of entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c) on all Creditors, equity interest holders, and other parties-in-interest.

22.    Reversal.  If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtor's receipt of written notice of any such order.   Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan and any amendments or modifications thereto.

23.    Effectiveness of Confirmation Order.   Notwithstanding Bankruptcy Rules 3020(e), 6004(h), and 6006(d), or any other provision of the Bankruptcy Code, the Bankruptcy Rules, or Federal Rule of Civil Procedure 62(a), this Confirmation Order shall be effective and final immediately upon its entry and the Debtor is authorized, but not required, to consummate the Plan immediately after entry of this Confirmation Order.  The Court hereby expressly waives any requirement under Bankruptcy Rules 3020(e), 6004(h), and 6006(d), or any other provision of the Bankruptcy Code, the Bankruptcy Rules, or Federal Rule of Civil Procedure 62(a), staying

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING**
**SECOND AMENDED PLAN OF REORGANIZATION DATED OCTOBER 21, 2011- Page 21**

*DAL 78,698,774v12*

the effectiveness of confirmation of the Plan for fourteen (14) days or for any other period of time.

24.    <u>Retention of Jurisdiction</u>.  Pursuant to 11 U.S.C. §§ 105(a) and 1142 the Court shall retain and shall have exclusive jurisdiction over any matter:  (a) arising under the Bankruptcy Code; (b) arising in or related to the Debtor's Chapter 11 case or the Plan; or (c) that relates to the matters set forth in Article 12 of the Plan, including but not limited to, adversary proceedings filed in this bankruptcy case as of the date hereof.

25.    <u>Objections Overruled</u>.    Except as otherwise expressly provided in this Confirmation Order, objections, if any, to the Plan, to the extent not withdrawn, are denied and overruled.

26.    <u>Notice of Effective Date</u>.  Within ten (10) days after the Effective Date, Debtor's counsel shall file a certificate with the Court stating that the Plan has become effective and has been substantially consummated.

27.    <u>Continuance of Automatic Stay</u>.  The stay in effect in the Debtor's Chapter 11 case pursuant to 11 U.S.C. § 362(a) of the Bankruptcy Code shall continue to be in effect until the Effective Date, and at that time shall be dissolved and of no further force or effect, subject to the injunctions set forth in this Confirmation Order, Article 9.04 of the Plan, and/or Sections 524 and 1141 of the Bankruptcy Code; provided, however, that nothing herein shall bar the filing of financing documents (including Uniform Commercial Code financing statements, security agreements, leases, mortgages, trust agreements, and bills of sale) or the taking of such other actions as are necessary to effectuate the transactions contemplated by the Plan prior to the Effective Date.

28.    <u>No Modification of Section 502(a) or 502(j) Rights</u>.  Nothing in the Plan or this Confirmation Order is intended to affect or modify the right of any party-in-interest under 11

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING**
**SECOND AMENDED PLAN OF REORGANIZATION DATED OCTOBER 21, 2011- Page 22**

*DAL 78,698,774v12*

U.S.C. § 502(a) to object to a claim or interest. Nothing in the Plan or this Confirmation Order is intended to affect or modify the rights of any party under 11 U.S.C. § 502(j).

29. <u>Calculation of Time Periods</u>. All time periods set forth in this Confirmation Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

30. <u>References to Particular Provisions</u>. The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall have no effect on the validity, binding effect, or enforceability of such provision, and such provision shall have the same validity, binding effect, and enforceability as every other provision of the Plan.

31. <u>Comerica Payment; Waivers</u>. Upon receipt of all distributions set forth in the Plan with regard to Allowed Class 4 Claims, (a) Comerica will release any remaining liens against all of the assets of (i) Source Investments, LLC, (ii) Addison Aviation Services, Inc., and (iii) Avdoor, Inc., and (b) in the event Tailwind or its designee opts to receive all of the equity interests in Addison Aviation Services, Inc. in addition to receiving the assets thereof through a bill of sale, Comerica will waive any right to pursue a deficiency against Addison Aviation Services, Inc. and Source Investments, LLC.

32. <u>Claims of Animal and Plant Health Inspection Service</u>. Notwithstanding anything to the contrary in the Plan or this Confirmation Order, the following shall govern the treatment of the claims of the Animal and Plant Health Inspection Service ("**APHIS**") in this Case: (a) APHIS shall have an Allowed Secured Claim in the amount of $707.50; (b) such Allowed Secured Claim of APHIS shall be paid in full on the Effective Date; (c) nothing in the Plan or this Confirmation Order shall affect or impair any rights of APHIS or the United States of America to pursue any non-Debtor third parties; and (d) nothing in the Plan or this Confirmation Order shall affect or impair any rights of APHIS or the United States of America to enforce any of its criminal, police, and regulatory powers.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING**
**SECOND AMENDED PLAN OF REORGANIZATION DATED OCTOBER 21, 2011- Page 23**

*DAL 78,698,774v12*

33.     <u>Statutory Fees; Reports</u>.  All fees payable on or before the Effective Date pursuant to 28 U.S.C. § 1930 to the U.S. Trustee shall be paid on or before the Effective Date.  All such fees payable after the Effective Date shall be paid by the reorganized Debtor as such become due.  Following the Effective Date, the reorganized Debtor shall file post-Confirmation quarterly operating reports with the U.S. Trustee up to the date a final decree is entered closing this Case.

34.     <u>Town of Addison</u>.  Notwithstanding anything in this Confirmation Order or in the Plan, except for the assumption of the sublease between the Estate of James Donaldson and the Debtor, nothing in this Confirmation Order or the Plan shall (a) affect any agreement involving the Town of Addison including its right to approve or disapprove of any agreements or modifications of any agreements in which the Town of Addison has an interest or which involves property of the Town of Addison, and/or (b) constitutes the granting of any liens, claims, or encumbrances against any property in which the Town of Addison holds a legal or equitable interest.

### End of Order ###

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING
SECOND AMENDED PLAN OF REORGANIZATION DATED OCTOBER 21, 2011- Page 24**

*DAL 78,698,774v12*

**Exhibit "A"**

**Assumed Contracts**

| **Non-Debtor Party** | **Details** | **Proposed Cure Amount** |
|---|---|---|
| Estate of James D. Donaldson (or its Affiliate) | Ground sublease entered with the Debtor, as sublessee, for specified real property located at the Addison Airport in Addison, Texas. | $0.00 |
| Estate of James D. Donaldson (or its Affiliate) | Hangar lease entered into with the Debtor, as lessee or sublessee, for a hangar located at the Addison Airport in Addison, Texas. | $0.00 |
| Sprint Nextel Corp. | Nextel phones. | $0.00 |
| MegaPath Inc. | T-1 communication lines. | $0.00 |
| Addison Airport Self-Storage | Nine (9) storage facilities. | $0.00 |
| Pitney Bowes Inc. | Postage machine. | $0.00 |
| Praxair Inc. | Oxygen/nitrogen bottles. | $0.00 |
| Safety-Kleen Inc. | Parts washer service. | $0.00 |
| PartsBase Inc. | Spare parts database. | $0.00 |
| Dassault Falcon Jet Corp. | Online aircraft maintenance manual. | $0.00 |
| Aircraft Technical Publishers | Online engine maintenance manual. | $0.00 |
| Duncan Disposal Co. | Dumpster service. | $0.00 |
| j2 Global Communications, Inc. | Online fax service. | $0.00 |
| SpectrumVoIP, Inc. | Telephones. | $0.00 |
| SecurePAX Info, LLC | APIS/SF - MadeEasy online advance passenger information processing service (APIS). | $0.00 |
| FlightSafety International, Inc. | Simulator rate contract. | $0.00 |
| Carol B. Donaldson | Storage lease. | $0.00 |